First Department, April Term, 1880.

JOHN JONES, *alias* ISAAC HOFFMAN, Plaintiff in Error, *v.* THE PEOPLE OF THE STATE OF NEW YORK, Defendant in Error.

*Proof of conviction of the principal, on the trial of an accessory — is admissible if the conviction takes place at any time during the trial of the latter.*

Upon the trial of the plaintiff in error, on an indictment charging him with being an accessory to the crime of forgery, the principal was called as a witness, and on his examination it appeared that he had never been convicted. He was then allowed by the court to be arraigned upon the indictment against him, and plead guilty thereto, after which the record of his conviction was produced by the People and offered and received in evidence. *Held,* no error.

Writ of Error to the Court of General Sessions for the city and county of New York, to review the conviction of the plaintiff in error of being an accessory before the fact to the uttering of a forged check.

In the Court of General Sessions John C. Richardson was indicted as principal of the crime of forgery in the third degree, and the plaintiff in error was charged in the same indictment as accessory before the fact. The case was brought to trial on the 20th day of January, 1879, and the trial was proceeded with as against the plaintiff in error. Richardson, the indicted principal, was called as a witness. It appeared upon his cross-examination that he had not theretofore been convicted as principal, and the counsel for the plaintiff in error thereupon moved that the jury be instructed to acquit his client upon that ground. Pending the decision of that motion, Richardson was convicted upon his plea of guilty, and the record of the conviction was offered in evidence and received against the exception of the plaintiff in error, who objected upon the ground that the principal was not convicted until after the jury was sworn and the trial of the plaintiff in error as accessory had been commenced.

*Peter Mitchell,* for the plaintiff in error.

*B. K. Phelps,* for the defendant in error.

*Per Curiam :*

The plaintiff in error was indicted as accessory to the crime of forgery. It is a well settled rule of the common law that an accessory cannot be convicted until after the conviction of his principal. It is not however, the rule that he cannot be put upon trial before such conviction, because it is the ordinary practice to put both upon trial at the same time where they are indicted together. (*Starin* v. *People*, 45 N. Y., 335.) And in such cases the jury are to be instructed by the court that unless the principal be found guilty by them, the accessory must be acquitted. In this case the principal had not been convicted at the time the trial commenced, but during the progress of the trial, when that fact appeared on the examination of the principal as a witness, he was allowed by the court to be arraigned upon the indictment against him, and to plead guilty thereto, after which the record of his conviction was produced by the People and offered in evidence against the plaintiff in error. We think there was no error in this course of proceeding.

The trial was still pending, and it was competent to prove any important fact essential to be shown to convict the accused. We can conceive no reason why any distinction should be made because the conviction of the principal occurred after the commencement of the trial of the accessory. Certainly a concurrent trial of both could not be permitted if the conviction of the principal must precede the commencement of the trial of the accessory. No possible injury could accrue to the accessory by the proceedings taken in this case, that would not necessarily exist where both were tried together.

We are of opinion that the admission of the record and conviction was proper, and that the plaintiff in error has no cause of complaint on that ground.

This being the only point presented in the case, the judgment should be affirmed.

Present — DAVIS, P. J., BRADY and BARRETT, JJ.

Judgment affirmed.